UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES GOODELL, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SOLEDAD UNIFIED SCHOOL DISTRICT, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-06196-VKD<br><br>**ORDER RE OCTOBER 26, 2020 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 63 |

　　　The parties have asked the Court to resolve several related disputes concerning defendant Soledad Unified School District's ("SUSD") production of documents. Dkt. No. 63. The Court held a hearing on this matter on November 3, 2020. Dkt. No. 65.

　　　For the reasons stated on the record, the Court orders as follows:

**1.　SUSD's electronically stored information**

　　　SUSD must make all of its responsive sources of electronic stored information ("ESI") available for review, search, and extraction by plaintiffs' ESI consultant, as follows: Defendant's counsel, in consultation with plaintiffs' counsel, shall investigate and identify all sources of likely responsive ESI. No later than **November 6, 2020**, defendant's counsel shall provide a list of these ESI sources to plaintiffs' counsel. By that same date, defendant's counsel shall provide plaintiffs' counsel with a list of search terms that can be applied to SUSD's ESI to identify documents likely to be privileged or otherwise protected from disclosure ("the privilege screen terms"). Thereafter, the parties must arrange for plaintiffs' ESI consultant to obtain access[1] to SUSD's ESI sources.

---

[1] The parties must ensure that such access is provided in a manner consistent with applicable public health guidelines in view of the Covid-19 pandemic.

SUSD must make a person or persons knowledgeable about the ESI sources available to answer questions from plaintiffs' ESI consultant and to assist him or her as necessary. The ESI consultant shall apply the agreed search terms (per the Court's September 15, 2020 order (Dkt. No. 58)) to SUSD's ESI to identify and extract responsive documents; the consultant may not engage in general rummaging through the ESI.[2] Once documents from a given ESI source are extracted, the ESI consultant must apply the privilege screen terms, and plaintiffs must provide any documents hit by those terms to defendant's counsel for privilege review and exclude those documents from plaintiffs' collection of documents until that review is completed. The Court expects the parties to cooperate to ensure that plaintiffs are able to search for and collect responsive ESI (with the exception of ESI subject to a privilege review) by **November 20, 2020**.

If plaintiffs are able to show that their review of these ESI sources identified a substantial quantity of relevant and responsive documents that SUSD did not previously produce in any format, the Court will consider a request from plaintiffs to shift some or all of the costs incurred by plaintiffs for the work of their ESI consultant to SUSD or to SUSD and defendant's counsel jointly.

To address concerns about inadvertent disclosure of privilege, the parties may prepare a stipulated proposed order under Federal Rule of Evidence 502(d) for the Court's consideration.

**2. Missing documents and/or unclear responses to document requests**

SUSD must promptly produce the student rosters for the 2018-19 school year that are responsive to plaintiffs' Request for Production of Documents Nos. 21.

As to all other responses to plaintiffs' document requests, SUSD and its counsel must undertake the "reasonable inquiry" required by Rules 26 and 34 of the Federal Rules of Civil Procedure. As to all document requests, SUSD must amend its response to include a representation that it and its counsel have undertaken such reasonable inquiry and that SUSD has completed its production of responsive documents. If no responsive documents exist (other than documents that have already been produced), SUSD shall amend its response to so state.

---

[2] The parties are encouraged to confer regarding narrowing or revising the search terms to avoid capturing irrelevant material.

SUSD's amended responses to plaintiffs' document requests must be served by **November 20, 2020**.

### 3. SUSD's privilege log

SUSD must prepare and serve on plaintiffs a privilege log that complies with Rule 26(b)(5); SUSD's privilege log attached as Exhibit 6 to the parties' discovery dispute submission is not sufficient. The log need not include privileged or protected communications between litigation counsel and client that post-date the filing of the complaint in this action and that concern the subject matter of this litigation. The Court expects SUSD to promptly serve a privilege log that reflects responsive documents that SUSD is presently withholding from production on grounds of privilege or other protection. Thereafter, SUSD must amend its privilege log to include additional documents as those documents are identified. The parties may wish to confer on a deadline for final exchange of privilege logs.

\* \* \*

The parties may agree to modifications of the deadlines set in this order. Those modifications should be memorialized by stipulation filed with the Court.

**IT IS SO ORDERED.**

Dated: November 3, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge